UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMOS FENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:24-cv-01200-JEH |
| ) | |
| ) | |
| CRISTIAN MUNOZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Order**

This cause is before the Court on Defendants Zachary Behrends, Cristian Munoz, and Kristine Pierson's motion for summary judgment.

**I**

**A**

Despite being provided with a notice from the Court advising him of the consequences for failing to respond to Defendants' motion for summary judgment, Plaintiff has failed to respond to Defendants' motion for summary judgment, and the deadline for him to do so under the Local Rule has now passed. As a result, Plaintiff has failed to submit any evidence with which to create a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment.

Local Rule 7.1(D)(2)(b)(6) provides that "[a] failure to respond to any numbered fact [contained within a motion for summary judgment] will be deemed an admission of the fact." *Id*. Therefore, Plaintiff has admitted all of the relevant facts that show that Defendants are entitled to summary judgment, and the Court

1

incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010) (internal citations omitted) ("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well.").

Despite Plaintiff's failure to respond, the Court is cognizant that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013) (citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments). Accordingly, the Court has reviewed the evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Defendants' favor. The Court finds that no such disputed fact exists and that Defendants are entitled to judgment as a matter of law. *Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir. 1990) (holding that where a defendant denies the allegations of the complaint and a plaintiff then fails "to respond with evidence in support of [her] claim," the court is justified in granting summary judgment).

**B**

With that in mind, the undisputed facts demonstrate the following. On September 5, 2023, Plaintiff Amos Fenderson was booked into the Peoria County Jail (the Jail) after being arrested for (allegedly) sexually assaulting two employees at the OSF Saint Francis Medical Center earlier that day. After intake and processing, Plaintiff was placed on suicide watch because the arresting officers had noted Plaintiff's suicidal ideation on his booking slip.

The following morning, Plaintiff claimed to have "swallowed a battery." Based upon his representation that he had swallowed a battery, medical

professionals at the Jail examined Plaintiff, but they determined that no medical intervention was necessary. For the remainder of the day, the staff at the Jail regularly monitored Plaintiff.

On September 7, 2023, Plaintiff underwent a medical intake review with the Jail's medical staff. As noted *supra*, Plaintiff had initially reported that he had swallowed batteries, but Plaintiff subsequently reported that he had swallowed batteries, dice, and baggies with white, brown, and black powder. Plaintiff made these allegations despite the fact that he had no access to these items while he was in the Jail. As before, the Jail's medical staff did not recommend any medical intervention; rather, the plan was to continue to monitor Plaintiff for signs of any abnormal physical issues.

Later that day, Plaintiff was seen for a follow-up examination by the Jail's medical staff. During this examination, the medical staff did not note that Plaintiff had or was suffering from any apparent medical issues. Moreover, Plaintiff did not report to the Jail's medical staff that he was suffering from any adverse effects related to any object(s) that he had purportedly swallowed.

On May 30, 2024, Plaintiff filed this case under 42 U.S.C. § 1983 alleging that the named Defendants violated his Constitutional rights when he was detained at the Jail in early September 2023. Before the Court had the opportunity to conduct a merit review of Plaintiff's Complaint, that is required by 28 U.S.C. § 1915A, Plaintiff filed a motion seeking leave to file an Amended Complaint. Therefore, the Court conducted a merit review of Plaintiff's Amended Complaint and found that his Amended Complaint stated a medical claim in violation of his Fourteenth Amendment Due Process rights against Jail Superintendent Kristine Pierson, Jail

Sergeant Cristian Munoz, and Jail Correctional Officer Zachary Behrends.[1] Defendants have now moved for summary judgment on Plaintiff's Due Process claim against them.

## II

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986) (Brennan, J., dissenting)

---

[1] According to the allegations contained within his Amended Complaint, Plaintiff told Superintendent Pierson, Sgt. Munoz, and C/O Behrends that he had swallowed foreign objects and that he was in pain as a result, but none of these three individuals took any actions to help him.

(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III

#### A

As the Court explained in the Merit Review Order, Plaintiff was a pretrial detainee during the relevant time, and therefore, Plaintiff's medical claim against Defendants arises under the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley*, 576 U.S. 389 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citations omitted)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")).

In evaluating a detainee's medical care claim, "[t]he first step . . . 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case.'" *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353). The second step asks, "whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to

5

any subjective belief held by the individual—whether the response was reasonable." *Id.*; *Huertas v. Milwaukee County Common Counsel*, 2020 WL 819273, * 4 (E.D. Wis. Feb. 19, 2020).

In particular, the denial of medical care for an objectively serious medical condition violates a pretrial detainee's due process rights if it is "objectively unreasonable" in the totality of the facts and circumstances, and if jail personnel act "purposefully, knowingly, or perhaps even recklessly when they consider[ ] the consequences of their handling of [the detainee's] case." *Miranda*, 900 F.3d at 353-54. The required mental state is more than mere negligence but "less than subjective intent—something akin to reckless disregard" for the detainee's serious medical needs. *Id.* (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). A medical professional may show this level of reckless disregard for a serious health risk without "literally ignor[ing]" the detainee. *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000) (explaining, in Eighth Amendment context, that a prison official may exhibit "disregard of a serious risk" if, for example, "a patient faces a serious risk of appendicitis, [and] the prison official gives the patient an aspirin and an enema and sends him back to his cell"). The detainee can prove that the medical professional had the requisite mental state by proving that he received treatment "'so inadequate that . . . no minimally competent professional would have so responded under those circumstances.'" *McWilliams v. Cook County*, 2018 WL 3970145, * 9-10 (N.D. Ill. Aug. 20, 2018) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)).

"Put another way, the treatment must have been 'so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.'" *McWilliams*, 2018 WL 3970145, at * 10 (quoting *Norfleet v. Webster*, 439 F.3d 392, 395-96 (7th Cir. 2006)). "If a 'need for specialized expertise either was known by the treating physicians or would have been obvious to a lay

person, then the obdurate refusal to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition.'" *McWilliams*, 2018 WL 3970145, at * 10 (quoting *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) (internal quotation marks omitted)); *Smith v. Kapotas*, 2020 WL 553619, * 3–4 (N.D. Ill. Feb. 4, 2020).

## B

As noted *supra*, Plaintiff failed to respond to Defendants' motion for summary judgment, and therefore, he has admitted all of the facts contained within Defendants' motion for summary judgment. These facts show that Plaintiff was evaluated—more than once—by the Jail's medical staff after he represented that he had swallowed a foreign object(s). Each time, the Jail's medical staff determined that no medical intervention was necessary.

Moreover, because Plaintiff had suicidal ideations when he arrived at the Jail, the Jail's staff monitored Plaintiff throughout the night of his arrival and the next day after he claimed to have swallowed a foreign object(s). However, at no time did Plaintiff appear to be in any medical distress. Therefore, even if Plaintiff told Defendants that he had swallowed a foreign object(s) and even if he had reported to them that he was in pain, the Jail's medical staff evaluated Plaintiff on at least two occasions based upon his self-reporting of swallowing objects and of being in pain and determined that no medical intervention was necessary. Therefore, Defendants cannot be said to have acted objectively unreasonably under the undisputed facts of this case, which is necessary for Plaintiff to proceed on and to prevail on his Due Process claim against them.

IT IS, THEREFORE, ORDERED:

1. Defendants' motion for summary judgment [27] is GRANTED.

2. Accordingly, the Clerk of the Court is directed to enter judgment, with prejudice, in Defendants Zachary Behrends, Cristian Munoz, and Kristine Pierson's favor and against Plaintiff.

3. In addition, the Clerk of the Court is directed to enter judgment, without prejudice, in all other named Defendants' favor and against Plaintiff.

4. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.

5. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

7. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: May 14, 2025

<u>s/Jonathan E. Hawley</u>

U.S. District Judge